JUL-27-2009 MON 04:04 PM    JOHN R MOELLER PC    FAX No. 732 418 1663    P. 003

JUL/28/2009/TUE 09:59 AM

JOHN R. MOELLER, JR., P.C.
527 Bay Avenue
Suite 4
Point Pleasant Beach, New Jersey 08742
(732) 899-5995
Attorney for Plaintiff(s), File 1239

09 JUN 15 AM 9:41

[FILED & RECEIVED]

| | |
|---|---|
| SUZANNE BELL, | : SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION: MIDDLESEX COUNTY
Plaintiff(s), |
v. | : DOCKET NO.: MID-L-5128-09
| : Civil Action
AVROHOM PRAGER, BUDGET TRUCK RENTAL LLC, 15th AVENUE FOOD CORPORATION, AVIS BUDGET GROUP, ABC CORPORATIONS (1-5), fictitious entities and JOHN DOES (1-5), fictitious individual(s), | : **COMPLAINT AND JURY DEMAND**
Defendant(s). | |

The plaintiff, Suzanne Bell, residing at 99 South Fulton Street in the Township of Woodbridge, County of Middlesex and State of New Jersey, complaining of the defendant(s) says:

### FIRST COUNT

1. On or about the 1st day of July 2007, the plaintiff, Suzanne Bell, was the operator and owner of a certain motor vehicle. Said vehicle was yielding on the Route 9 North ramp, for oncoming traffic prior to entering Route 9 and Route 35 North in the City of South Amboy, County of Middlesex and State of New Jersey.

2. At the same time and place, the defendant, Avrohom Prager, residing at 1860 52nd Street in the Borough of Brooklyn, City of New York, County of Kings and State of New York, was the operator of a certain motor vehicle traveling on the Route 9 North ramp in the City

P. 004

Bell v. Prager, et al.
Complaint and Jury Demand
Page 1 of 6

**EXHIBIT A**

JUL-27-2009 MON 04:04 PM   JOHN R MOELLER PC   FAX No. 732 418 1683   P. 004

JUL/28/2009/TUE 09:59 AM

of South Amboy, County of Middlesex and State of New Jersey and owned by Budget Truck Rental, LLC, doing business at 3301 South Meridian Avenue in the City of Oklahoma City and State of Oklahoma.

3. The defendant, Avrohom Prager and/or Budget Truck Rental, LLC and/or Avis Budget Group, failed to exercise reasonable care in the operation and/or ownership of their motor vehicle and otherwise failed to comply with New Jersey Motor Vehicle Statutes and were otherwise negligent and careless.

4. As a direct and proximate consequence of the negligence and carelessness of the defendant(s), plaintiff's vehicle was struck/rear-ended, while stopped for oncoming traffic prior to entering Route 9 and Route 35, thereby resulting in permanent injuries to plaintiff, Suzanne Bell; she has and will be caused to endure pain and suffering which will continue; and has and will be caused to incur medical expenses and suffer economic losses.

5. Plaintiff's injuries comply with the requirements of N.J.S.A. 39:6A-8 et seq., if applicable.

WHEREFORE, the plaintiff, Suzanne Bell, demands judgment on this Count together with compensatory damages, medical expenses, counsel fees and costs.

## SECOND COUNT

1. The plaintiff hereby repeats and reiterates the allegations contained in the First Count as if same were more fully set forth at length herein.

Bell v. Prager, et al.
Complaint and Jury Demand
Page 2 of 6

P. 005

JUL-27-2009 MON 04:05 PM    JOHN R MOELLER PC        FAX No. 732 418 1883            P. 005

JUL/28/2009/TUE 09:59 AM

2.   At the time of the accident, Avrohom Prager was the agent, servant and/or employee of the Defendant, 15th Avenue Food Corporation and was acting within the scope of his agency or employment and therefore the Defendant, 15th Avenue Food Corporation is vicariously liable for the acts of its agents, servants and/or employees.

WHEREFORE, the plaintiff, Suzanne Bell, demands judgment on this Count, together with compensatory damages, medical expenses, counsel fees and costs.

### THIRD COUNT

1.   The plaintiff hereby repeats and reiterates the allegations contained in the First and Second Counts as if same were more fully set forth at length herein.

2.   The Defendant Avrohom Prager was an independent contractor retained by the Defendant, 15th Avenue Food Corporation knew or should have known of the particular unfitness, incompetence or dangerous propensities of the Defendants Avrohom Prager and could have reasonably foreseen such qualities created a risk of harm to other persons.

3.   Plaintiff's injuries were an approximate cause by the unfitness, incompetence and dangerous propensities of the Defendant, Avrohom Prager.

WHEREFORE, the plaintiff, Suzanne Bell, demands judgment against Avrohom Prager and 15th Avenue Food Corporation for the negligent hiring of the former, on this Count together with compensatory damages, medical expenses, counsel fees and costs.

Bell v. Prager, et al.
Complaint and Jury Demand
Page 3 of 6

P. 006

### FOURTH COUNT

4. The plaintiff hereby repeats and reiterates the allegations contained in the First, Second and Third Counts as if same were more fully set forth at length herein.

5. John Does (1-5) are fictitious individuals or entities whose negligent operation and/or ownership of their motor vehicle caused or contributed to the injuries of plaintiff.

6. As a result of the careless, reckless and negligent operation and/or ownership, by defendant(s); John Does (1-5), fictitious individuals, the plaintiff, Suzanne Bell was caused to be injured.

WHEREFORE plaintiff, Suzanne Bell, demands judgment against the defendants, John Does (1-5) fictitious individuals, severally or in the alternative, for damages together with interest and costs of suit.

### FIFTH COUNT

1. The plaintiff hereby repeats and reiterates the allegations contained in the First, Second, Third and Fourth Counts as if same were more fully set forth at length herein.

2. Defendant(s) ABC Corporation(s) (1-5) are one or more fictitious entities whose negligence whether active or imputed were a proximate cause of the accident.

3. Upon information and belief, defendant Avrohom Prager was an agent, servant or employee of defendant(s) ABC Corporation who is legally responsible for the injuries sustained by plaintiff.

**WHEREFORE** plaintiff, Suzanne Bell, demand judgment against the defendants, ABC Corporations (1-5) fictitious entities, severally or in the alternative, for damages together with interest and costs of suit.

### JURY DEMAND

PLEASE TAKE NOTICE that Plaintiffs, pursuant to R.4:35-1, demand a trial by jury as to all issues.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorneys whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provided plaintiffs' attorneys with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

CIVIL ACTION
SUPERIOR COURT
MIDDLESEX VICINAGE

## DESIGNATION OF TRIAL COUNSEL

09 JUN 15 AM 9:41

PLEASE TAKE NOTICE that attorney, JOHN R. MOELLER, JR., ESQUIRE, is hereby designated as trial counsel in the above-captioned litigation pursuant to R.4:25-4.

FILED & RECEIVED

DATED: June 8, 2009

JOHN R. MOELLER, JR.

## CERTIFICATION PURSUANT TO R. 4:5-1

I, JOHN R. MOELLER, JR., of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey.

2. To the best of my knowledge, information and belief there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceedings.

DATED: June 8, 2009

JOHN R. MOELLER, JR.

## PURSUANT TO RULE 4:5-1

Plaintiff also demands from the defendant(s) answers to Form (C) and (C-1) interrogatories within the time prescribed by the rules of court.

DATED: June 8, 2009

JOHN R. MOELLER, JR.